### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| STEVEN STALY and | § | |
| CYNTHIA STALY, | § | |
| | § | |
|     Plaintiffs, | § | CASE NO. 3:16-cv-127 |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| CHRISTOPHER WARD, | § | |
| POWER TRANSPORT, INC. | § | |
| | § | |
|     Defendants. | § | |

---

## COMPLAINT

---

**COME NOW**, Plaintiffs, Steven Staly (hereinafter referred to as "Mr. Staly") and Cynthia Staly (hereinafter referred to as "Ms. Staly") (collectively referred to as "Stalys") by and through their attorney of record, and files this their Complaint against Defendants Christopher Ward, (hereinafter referred to as "Ward") and Power Transport, Inc. (hereinafter referred to as "Power Transport"), and for their cause of action would show unto the Court the following:

## <u>PARTIES</u>

1.    At the time of the collision and currently, the Stalys were and are adult resident citizens of the State of Arizona and reside in Tombstone, Arizona.

2.     Defendant, Christopher Ward, is an adult resident citizen of the State of Washington, who resides at 6422 East Malone Avenue, Spokane Valley, Washington 99212, and process may be obtained upon said Defendant as required by law.

3.     Defendant, Power Transport, Inc., is a Washington corporation with its principal place of business in Spokane, Washington and may be served through its agent for service of process, F. Dayle Andersen, 1020 North Washington Street, Spokane, Washington 99201.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper in this Court because this is a tort action and because jurisdiction exists pursuant to 28 U.S.C. § 1332. The parties have diversity of citizenship and the amount in controversy exceeds $75,000.00.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because substantial events and omissions giving rise to this action occurred in the Southern District of Texas, Galveston Division.

## COMMON ALLEGATIONS

6.     On July 22, 2014, at approximately 3:14 p.m., Mr. Staly was lawfully operating his 18-wheel tractor and trailer eastbound on IH-10, in a manner in accordance with the law and the traffic conditions present, in Winnie,

Texas. Ms. Staly was Mr. Staly's restrained passenger.

7.      At that time and place, in the course and scope of his employment with Power Transport, Ward was driving eastbound his 18-wheel tractor and trailer which was owned by Power Transport.

8.      Also at that same time and place, John Wooten Steed ("Steed") was also driving his Tractor, which was owned by Penske Truck Leasing Co., eastbound on IH-10.

9.      At that time and place, Mr. Staly braked due to normal and reasonable circumstances and traffic flow reasonably requiring that Mr. Staly brake his vehicle. Steed also braked and was able to come to a stop behind Mr. Staly's tractor. Ward was unable to stop and negligently struck Steed in the right rear of Steed's tractor. Due to being rear-ended by Ward, Steed subsequently collided into the back of Mr. Staly's trailer causing extreme injury to both Mr. Staly and Ms. Staly.

<u>**COUNT I**</u>
<u>**MR. STALY'S CLAIMS FOR NEGLIGENCE AGAINST WARD**</u>

10.     Stalys incorporate and re-allege all previous paragraphs set out herein.

11.     Ward was negligent in the operation of his truck in the following respects:

        a.      failed to keep a proper lookout for others;

b.      failed to keep his car under control;

c.      failed to see what reasonably should have been seen;

d.      failed to keep proper and reasonable distance from Mr. Staly's and Ward's vehicle;

e.      failed to reduce speed to avoid collision;

f.      failed to slow or otherwise maneuver his motor vehicle so as to avoid causing collision;

g.      operated his vehicle when his vehicle was not physically capable of safe operation, including having proper visual acuity;

h.      failed to drive vehicle in a safe and reasonable manner;

i.      failed to pay attention to circumstances around him;

j.      failed to drive with due regard for the safety of others;

k.      violated weight restrictions;

l.      violated applicable permits;

m.      operated a commercial motor vehicle while fatigued;

n.      operated a commercial motor vehicle while his ability and alertness was impaired;

o.      failed to properly maintain and inspect his commercial vehicle;

p.      violated state and federal statutes and regulations, including but not

limited to 49 C.F.R. § 350 to 399;

q.     violated the ten (10) hour rule [395.3(a)(1)];

r.     violated the 70-hour rule [395.3(b)];

s.     failing to properly inspect his commercial motor vehicle [396.13];

t.     failing to complete and sign the required vehicle inspection reports [396.11];

u.     failing to properly inspect cargo [392.9];

v.     failing to properly secure cargo [393.102];

w.     violated Tex. Trans. Code § 545.060 by moving from a lane when that movement could not be made safely and by not driving in a single lane;

x.     violated Tex. Trans. Code § 545.062 by failing to maintain an assured clear distance between Ward's vehicle and Steed's vehicle so that Ward could stop safely without colliding; and

y.     violated Tex. Trans. Code § 545.401 by driving his vehicle in willful and wanton disregard for the safety of others.

12.    As a direct and proximate result of the negligence of Ward, Mr. Staly was caused to suffer serious, permanent, painful and disabling injuries, which resulted in the following damages to Mr. Staly:

a.      medical and drug expenses to date;

b.      pain, suffering and mental anguish to date;

c.      non-permanent injuries, pain, suffering and mental anguish to date;

d.      pain, suffering and mental anguish for the remainder of his life;

e.      future medical and drug expenses;

f.      permanent disability and disfigurement;

g.      loss of enjoyment in life and quality of life;

h.      loss of time and earnings;

i.      loss of future wage earning capacity; and

j.      all damages allowed by law.

## COUNT II
## MR. STALY'S CLAIMS FOR NEGLIGENCE *PER SE* AGAINST WARD

13.    Stalys incorporate and re-allege all previous paragraphs set out herein.

14.    Ward was negligent in the operation of his log truck in the following respects:

a.      violated state and federal statutes and regulations, including but not limited to 49 C.F.R. § 350 to 399;

b.      violated the ten (10) hour rule [395.3(a)(1)];

c.      violated the 70-hour rule [395.3(b)];

    d.      violated Tex. Trans. Code § 545.060 by moving from a lane when that movement could not be made safely and by not driving in a single lane;

    e.      violated Tex. Trans. Code § 545.062 by failing to maintain an assured clear distance between Ward's vehicle and Steed's vehicle so that Ward could stop safely without colliding; and

    f.      violated Tex. Trans. Code § 545.401 by driving his vehicle in willful and wanton disregard for the safety of others.

## COUNT III
## MS. STALY'S CLAIMS FOR NEGLIGENCE AGAINST WARD

15.    Stalys incorporate and re-allege all previous paragraphs set out herein.

16.    Ward was negligent in the operation of his log truck in the following respects:

    a.      failed to keep a proper lookout for others;

    b.      failed to keep his car under control;

    c.      failed to see what reasonably should have been seen;

    d.      failed to keep proper and reasonable distance from Ms. Staly's and Ward's vehicle;

    e.      failed to reduce speed to avoid collision;

f.      failed to slow or otherwise maneuver his motor vehicle so as to avoid causing collision;

g.      operated his vehicle when his vehicle was not physically capable of safe operation, including having proper visual acuity;

h.      failed to drive vehicle in a safe and reasonable manner;

i.      failed to pay attention to circumstances around him;

j.      utilized an unreasonable and unsafe route;

k.      failed to drive with due regard for the safety of others;

l.      violated weight restrictions;

m.      violated applicable permits;

n.      operated a commercial motor vehicle while fatigued;

o.      operated a commercial motor vehicle while his ability and alertness was impaired;

p.      failed to properly maintain and inspect his commercial vehicle;

q.      violated state and federal statutes and regulations, including but not limited to 49 C.F.R. § 350 to 399;

r.      violated the ten (10) hour rule [395.3(a)(1)];

s.      violated the 70-hour rule [395.3(b)];

t.      failing to properly inspect his commercial motor vehicle [396.13];

u.     failing to complete and sign the required vehicle inspection reports [396.11];

v.     failing to properly inspect cargo [392.9];

w.     failing to properly secure cargo [393.102];

x.     violated Tex. Trans. Code § 545.060 by moving from a lane when that movement could not be made safely and by not driving in a single lane;

y.     violated Tex. Trans. Code § 545.062 by failing to maintain an assured clear distance between Ward's vehicle and Steed's vehicle so that Ward could stop safely without colliding; and

z.     violated Tex. Trans. Code § 545.401 by driving his vehicle in willful and wanton disregard for the safety of others.

17.   As a direct and proximate result of the negligence of Ward, Ms. Staly was caused to suffer serious, permanent, painful and disabling injuries, which resulted in the following damages to Mr. Staly:

a.     medical and drug expenses to date;

b.     pain, suffering and mental anguish to date;

c.     non-permanent injuries, pain, suffering and mental anguish to date;

d.     pain, suffering and mental anguish for the remainder of her life;

e.   future medical and drug expenses;

f.   permanent disability and disfigurement;

g.   loss of enjoyment in life and quality of life;

h.   loss of time and earnings;

i.   loss of future wage earning capacity; and

j.   all damages allowed by law.

<u>COUNT IV</u>
<u>MS. STALY'S CLAIMS FOR NEGLIGENCE *PER SE* AGAINST WARD</u>

18.   Stalys incorporate and re-allege all previous paragraphs set out herein.

19.   Ward was negligent in the operation of his log truck in the following respects:

a.   violated state and federal statutes and regulations, including but not limited to 49 C.F.R. § 350 to 399;

b.   violated the ten (10) hour rule [395.3(a)(1)];

c.   violated the 70-hour rule [395.3(b)];

d.   violated Tex. Trans. Code § 545.060 by moving from a lane when that movement could not be made safely and by not driving in a single lane;

e.   violated Tex. Trans. Code § 545.062 by failing to maintain an assured

-10-

clear distance between Ward's vehicle and Steed's vehicle so that Ward could stop safely without colliding; and

f.     violated Tex. Trans. Code § 545.401 by driving his vehicle in willful and wanton disregard for the safety of others.

## COUNT V
## STALYS' CLAIMS FOR *RESPONDEAT SUPERIOR*

20.    Stalys incorporate and re-allege all previous paragraphs set out herein.

21.    Because Ward was, at all times relevant, acting within the scope of his employment for Power Transport in driving the company 18-wheel tractor and trailer, Power Transport is liable for the negligent acts and omissions of Ward pursuant to *respondeat superior.*

22.    As a direct and proximate result of the entrustment and negligent entrustment of Power Transport of its company car to Ward, Stalys were caused to suffer serious, permanent, painful and disabling injuries which resulted in the following damages to Stalys:

a.     medical and drug expenses to date;

b.     pain, suffering and mental anguish to date;

c.     non-permanent injuries, pain, suffering and mental anguish to date;

d.     pain, suffering and mental anguish for the remainder of their lives;

e.      future medical and drug expenses;

f.      permanent disability and disfigurement;

g.      loss of enjoyment in life and quality of life;

h.      loss of time and earnings;

i.      loss of future wage earning capacity; and

j.      all damages allowed by law.

### COUNT VI
### STALYS' CLAIMS AGAINST POWER TRANSPORT FOR NEGLIGENT HIRING, NEGLIGENT TRAINING, NEGLIGENT RETENTION, NEGLIGENT SUPERVISION, AND IMPROPER VEHICLE MAINTAINENCE & INSPECTION

23.   Stalys incorporate and re-allege all previous paragraphs set out herein.

24.   Defendant Power Transport has a duty to act reasonably in hiring, retaining, training and/or supervising Ward and to promulgate and enforce rules and regulations to ensure his drivers and vehicles are reasonably safe. Defendant Power Transport further has a duty to reasonably and properly maintain and inspect its vehicles.

25.   Power Transport failed and breached the above-mentioned duties and was therefore negligent.

26.   Power Transport violated and encouraged Ward to violate state and federal statutes and regulations, including but not limited to 49 C.F. R. § 350 – 399.

Power Transport further failed to inspect and maintain the truck in violation of state and federal law.

27. Power Transport's statutory violations and breaches of duties directly and proximately caused Stalys' damages and injuries.

## COUNT VII
## PUNITIVE DAMAGES

28. Stalys incorporate and re-allege all previous paragraphs set out herein.

29. Defendants' actions and inactions demonstrate a conscious disregard for the rights and safety of Stalys and the rest of the public. Therefore, Stalys demand punitive damages against Defendants.

## COUNT VIII
## LOSS OF CONSORTIUM

30. Stalys incorporate and re-allege all previous paragraphs set out herein.

31. As a proximate result of the crash, Stalys have suffered consortium losses, injuries, and damages for which they are entitled to be compensated as follows:

   a. The loss of society, companionship, love and affection;

   b. The loss of aide, services, and physical assistance provided; and

   c. The loss of participation together in the activities, duties and responsibilities of making a home.

## COUNT IX
## STRICT LIABLITY

32.   Stalys incorporate and re-allege all previous paragraphs set out herein.

33.   Regardless of an agency relationship, Power Transport is the registered owner of US DOT number 201880 displayed on the tractor unit involved in this collision and is therefore responsible for the acts of the driver of that vehicle.

WHEREFORE, Stalys demand judgment against Defendants for an amount of punitive, special, and compensatory damages to be determined by a jury of their peers. Stalys also seek all costs of Court, pre-judgment interest after demand, post-judgment interest and all other relief allowed by law.

Respectfully submitted,

*/s/ Charles H. Peckham*

_____
Charles H. Peckham
TBN: 15704900
FBN: 15770
cpeckham@peckhampllc.com

Mary A. Martin
TBN:   00797280
FBN:   12272
mmartin@peckhampllc.com

PECKHAM, PLLC
Two Bering Park
800 Bering Drive, Suite 220

-14-

Houston, Texas   77057
(713) 574-9044
(713) 493-2255 – facsimile

*Pending Pro Hac Vice:*

Samuel S. McHard, TXB #24095103
smchard@mchardlaw.com

P. Manion Anderson, MSB #104250
manderson@mchardlaw.com

McHARD & ASSOCIATES, PLLC
15 Milbranch Road
Hattiesburg, MS 39402
Ph: (601) 450-1715
Fx: (601) 451-1719

**FOR THE PLAINTIFFS:
STEVEN STALY and
CYNTHIA STALY**